# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEJUAN ANDERKO WATKINS, | 1:09-cv-01744-LJO-SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| UNITED STATES OF AMERICA, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND[1]

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. He challenges his convictions in the United States District Court for the Eastern District of North Carolina for attempting to possess with intent to distribute cocaine base. He was sentenced to 188-months of imprisonment.

Petitioner appealed his convictions to the Fourth Circuit Court of Appeals and United States Supreme Court.  On February 2, 2004, the Fourth Circuit affirmed the conviction. Petitioner petitioned for a writ of certiorari to the United States Supreme Court which was denied.

---

[1] This information was derived from the petition for writ of habeas corpus.

1

On January 18, 2005, Petitioner filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, which was denied on April 9, 2007.

On September 29, 2009, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of North Carolina.  The petition was transferred to this Court on October 5, 2009.  (Court Doc. 3.)  Petitioner argues that the Government did not prove beyond a reasonable doubt any drug quantities at trial.  "The sole basis for the cocaine quantity arise from distinct state-charges with absolutely no direct nexus to the federal prosecution, (not implying that under the proper standards, that the cocaine quantity could not be attributed)."  (Petition, Argument One.)  Petitioner also contends that appellate counsel was ineffective for failing to challenge his sentence.  (Petition, Argument Two.)

## JURISDICTION

A prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing court has jurisdiction*.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his federal sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. Petitioner concedes this fact. Petitioner admits bringing this petition as a § 2241 petition instead of a § 2255 petition to avoid 28 U.S.C.§ 2244(b)'s constraints on second petitions. However, a petition contending Petitioner's conviction is invalid is still a § 2255 petition regardless of what Petitioner calls the petition. See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

To the extent Petitioner claims that § 2255 is inadequate and ineffective, it is without merit. The Ninth Circuit has provided little guidance on what constitutes "inadequate and ineffective" in relation to the savings clause. The Ninth Circuit has acknowledged that "[o]ther circuits have held that . . . a federal prisoner who is actually innocent of the crime of conviction, but who has never had an unobstructed procedural shot at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed." Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted). Nevertheless, the Ninth Circuit in Lorentsen specifically declined to decide whether to adopt the holdings of any other circuits. Id. Notably, however, the Ninth Circuit did find that the Petitioner in Lorentsen could not invoke the

1  "escape hatch in § 2255" because the Petitioner was not "actually innocent" of the underlying
2  conviction. Id.
3      It is clear that Petitioner's arguments do not demonstrate the § 2255 forum to be
4  inadequate or ineffective. First, as Petitioner concedes, he has had several unobstructed
5  procedural opportunities to present his claims, and he has done so. Whether the earlier courts
6  specifically ruled on his claims is beside the point. The savings clause can only be satisfied if
7  Petitioner has been denied the *opportunity* to present his claims, which he concedes he has not.
8  The savings clause does not serve as a further level of appeal. Moreover, the Court notes that the
9  earlier courts did in fact address Petitioner's claims. In its May 8, 2009 order reviewing
10 Petitioner's motion pursuant to § 2255, the Eastern District of North Carolina specifically
11 reduced Petitioner's sentence stating:

> Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 944(u), and the court having considered such motion,
>
> IT IS ORDERED that the motion is:
>
> GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of 188 months is reduced to 162 months.

17 See United States v. Watkins, 7:02-CR-106-1F, Court Doc. No. 74.  Thus, Petitioner's
18 contention that his claims were never ruled on is without merit.
19     In addition, although Petitioner has already a § 2255 motion, the Ninth Circuit stated, "the
20 dismissal of a § 2255 motion pursuant to 28 U.S.C. § 2244(b) does not render federal habeas
21 relief an ineffective or inadequate remedy." Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999).
22 Thus, Petitioner may petition the Fourth Circuit to file a second or successive § 2255 motion.
23     Petitioner's arguments fail to satisfy the savings clause. The instant petition should be
24 dismissed.

## RECOMMENDATION

26     Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
27 DISMISSED because the petition does not allege grounds that would entitle petitioner to relief
28 under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) <u>court</u> days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 14, 2009**            /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE